# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00091-CMA-MEH

LAJUNTA HOSPITALITY, L.L.C.,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant.

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties to the above-captioned litigation (the "Litigation") may possess confidential information and such information is being or may be sought or produced in discovery;

**WHEREAS**, the parties agree that the production of information by them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties stipulate to the entry of this Protective Order to protect the discovery and dissemination of confidential, private, or personal information of any party, witness, or person providing discovery in this case. Therefore, as good cause has been shown,

**IT IS HEREBY ORDERED**:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. A party or third party may designate as "CONFIDENTIAL" any document or portion of a document that is confidential or implicates Colorado common law and statutory privacy interests of the parties, their employees or representatives or contains information that would improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case. Fed. R. Civ. P. 26(c) (allowing entry of a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999)(recognizing the confidentiality of employee information); *see also* C.R.C.P. 26(c)(7) (recognizing that trade secrets and commercial information may be subject to a protective order).

4. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case. No person receiving such Confidential information shall, without the consent of the party producing it or further Order of the Court, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Confidential information to any person other than those specified in Paragraph 5.

Each party shall use appropriate safeguards to protect Confidential information of other parties or third-parties from being disclosed in a manner that would be inconsistent with this Protective Order.

    5.    Access to any Confidential information shall be limited to:

        a.    counsel of record for the parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel;

        b.    the named parties and those officers and employees of the parties deemed necessary to aid counsel;

        c.    the Court presiding over this action and/or any appellate court hearing any possible appeals from this action, judicial officers, and court employees;

        d.    mediators and their employees used with the consent of the parties in connection with any alternative dispute resolution process or any efforts to mediate this action;

        e.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        f.    subject to paragraph 6 below, witnesses other than the named parties during any deposition or hearing conducted by counsel for a party;

        g.    subject to paragraph 6 below, experts and consultants (including their employees, associates or staff) specifically retained by a party to perform work in connection with the prosecution or defense of this action; and

        h.    subject to paragraph 6 below, any other person designated by the Court after appropriate motion and hearing or agreed to by the parties in writing.

    6.    No disclosure to persons described under Paragraphs 5(f), (g), or (h) shall be made unless and until such person has been provided a copy of this Protective Order and has executed an Acknowledgment of Protective Order in the form attached as Exhibit A.  The originals of the executed Acknowledgments of Protective Order shall be maintained by the counsel who obtained them until the final resolution of this

litigation, and shall only be disclosed to another party upon a showing of good cause to the Court. The failure of any person or entity to execute an Acknowledgment of Protective Order as required by this Protective Order shall not relieve any recipient of Confidential information from compliance with the provisions of this Protective Order. Nothing in this Protective Order shall prevent the parties from using their own Confidential information.

7. A party may also designate testimony which it deems to be Confidential under this Protective Order, by advising the court reporter of such fact on the record. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the word "Confidential." Portions of testimony may be designated Confidential on the record at the time testimony is given. Alternatively, portions of testimony may be designated Confidential under the terms of this Protective Order in writing within 30 days after the final certified transcript is received by the party wishing to designate the testimony. Portions of any testimony designated as Confidential shall be marked in all existing and subsequently produced copies of the transcript. If a deposition transcript contains, or is anticipated to contain, a significant amount of Confidential information, the parties may, by agreement, designate the transcript Confidential in its entirety. Unless otherwise agreed to by the parties involved, depositions shall be treated as Confidential until 30 days after receipt of the final certified transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as Confidential at the time of their production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such substituted documents shall return to the producing party or destroy all inadvertently produced confidential documents in its possession that lack the appropriate confidentiality designation and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. If a party inadvertently discloses Confidential information of another party or third-party to this action to anyone other than the persons set forth in Paragraph 5, counsel for the party that made the inadvertent disclosure shall notify the opposing party's counsel of record, or the third party, of the inadvertent disclosure and make reasonable efforts to retrieve the Confidential information and any documents containing such Confidential information and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential information in accordance with the terms of this Protective Order.

10. In the event a party wishes to use Confidential information produced by another party or third party in any motion, affidavit, brief, memorandum of law, or other papers filed in court in this litigation, that party shall confer with the producing party to determine whether the producing party requires that the Confidential information be filed under seal with the Court. All other provisions of this Protective Order shall continue to apply to Confidential information even though it is not filed under seal. The Clerk of this

Court is directed to maintain under seal all Confidential information that has been properly filed under seal with the Court in this Litigation.

11. If any party objects to any other party's designation of information, documents, or other materials as "CONFIDENTIAL" or "Confidential" the objecting party shall notify the party who made the designation, in writing, by facsimile transmission, or electronic mail, of the basis of the objecting party's objection to the designation within thirty (30) days of receiving that designation and information, documents or other materials. The parties shall confer in good faith in an attempt to resolve such objection by agreement. Failing such agreement, the objecting party shall notify the designating party, in writing, by facsimile transmission, or electronic mail, of the objecting party's ongoing position that the information in question does not contain "Confidential" information, documents or materials entitled to protection under this Protective Order. Within ten (10) business days of such notification, the designating party shall either withdraw the "Confidential" designation or move the Court for an Order confirming the "Confidential" status of the information/materials pursuant to C.R.C.P. 26(c). If the designating party fails to withdraw the "Confidential" designation or fails to appropriately seek a ruling from this Court, the "Confidential" status of the information/materials, previously designated, is void by operation of this Protective Order. While any such motion is pending, the information/materials in question shall continue to be treated as "Confidential" pursuant to this Protective Order.

12. In the event of a hearing or trial in this matter at which any party intends to present Confidential information to the Court or a jury, counsel for the parties will confer to determine what safeguards, if any, may be necessary to protect against the

disclosure of the Confidential information, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the parties shall take appropriate steps to have the Court incorporate in the pretrial order such procedures to the extent, if any, the Court deems such procedures to be appropriate.

13. All documents or transcripts that have been designated Confidential under this Protective Order, and any and all copies, shall be returned to the producing party within 60 days of the conclusion of this case, including appeals, whether by trial, settlement, alternative dispute resolution, or whatever means. Alternatively, the producing party may request that the Confidential information be destroyed, and each party destroying documents designated as Confidential shall contemporaneously provide an affidavit to the producing party establishing what documents were destroyed, by what method, and from what repository (hard files, electronic databases, electronic files, etc.).

14. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The provisions of this Protective Order (and any supplements, amendments or modifications) concerning the use and disclosure of Confidential information and otherwise safeguarding the confidentiality of Confidential information of the parties shall continue in effect after the conclusion of this action. The Court retains and shall have jurisdiction over the parties and all recipients of Confidential information, for the enforcement of this Protective Order.

The Stipulating Parties, by their undersigned counsel, stipulate and consent to making an entry of this Protective Order.

Entered and dated at Denver, Colorado, this 7th day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

| | |
|---|---|
| **DALE J. COPLAN, P.C.** | **SENTER GOLDFARB & RICE, L.L.C.** |
| By /s/ Charles S. Chapman, Jr. | By /s/ Arthur J. Kutzer |
| *Charles S. Chapman, Jr.* | *Arthur J. Kuzter* |
| 40 Inverness Drive East | 3900 E. Mexico Avenue, Suite 700 |
| Englewood, CO 80112 | Denver, Colorado 80210 |
| Telephone: (303) 792-5595 | Telephone: (303) 320-0509 |
| E-mail: schapman@burgsimpson.com | E-mail: akutzer@sgrllc.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |